UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ICU MONITORING, INC., )<br>      Plaintiff, )<br> )<br>  v. )<br> )<br>LAKE COUNTY, INDIANA, and )<br>LAKE COUNTY BOARD OF )<br>COMMISSIONERS, )<br>      Defendants. ) | CAUSE NO.: 2:25-CV-198-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings [DE 19] filed by Defendants on August 15, 2025.

**I.    Background**

On February 9, 2024, Plaintiff filed a complaint in state court. On April 7, 2025, Plaintiff amended the complaint to add a claim for violation of statutory or constitutional rights in violation of 42 U.S.C. § 1983. Defendants then removed the case to this Court on May 1, 2025.

Plaintiff entered into a contract to provide exclusive electronic monitoring services to Lake County, automatically renewable annually unless one party gives the other sufficient notice of cancelation. Plaintiff alleges that it has never received appropriate written notice of cancelation, but Defendant chose another company for provision of some electronic monitoring services without permitting Plaintiff to bid on those services, which Plaintiff asserts is a breach of contract. Plaintiff alleges that Defendants' conduct deprived Plaintiff of a property interest without due process.

On August 15, 2025, Defendants filed the instant motion for judgment on the pleadings,

1

arguing that they are entitled to judgment on Plaintiff's Section 1983 claim. Plaintiff filed a response on September 19, 2025, and on September 26, 2025, Defendants filed a reply.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.   Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-

2

pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted).

**III.    Analysis**

Defendants argue that the Complaint does not establish the deprivation of any constitutional right. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Defendants argue that Plaintiff's Section 1983 claim is based on breach of contract and therefore cannot support a constitutional claim.

A claim for a violation of procedural due process requires Plaintiff to "establish that there is (1) a cognizable property interest; (2) a deprivation of that interest; and (3) a denial of due

process." *Price v. Bd. of Educ. of City of Chi.*, 755 F.3d 605, 607 (7th Cir. 2014) (quoting *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010)). Plaintiff alleges that it "has a constitutional property interest in the Contract and thus, a right to due process pursuant to 42 U.S.C. § 1983" because the Contract, which renews annually unless canceled, was not canceled in accordance with the contractual terms. Am. Compl. ¶¶ 16-19 [DE 5]. Plaintiff argues that it was deprived of the property interest created by the Contract without due process when, despite the exclusivity promised by the Contract, Defendants began paying another company or companies to provide monitoring services without inviting Plaintiff to submit a bid for provision of those services.

A claim for a breach of contract by a government entity is not the basis for a claim under Section 1983. *Luster v. Vill. of Ashmore*, 76 F.4th 535, 538 (7th Cir. 2023). "[T]he Constitution does not ensure that states keep all of their promises. . . A violation of a state law or a state contract is just that—a violation of a state entitlement, for which the remedy lies under state law." *Thiele v. Bd. of Trs. of Illinois State Univ.*, 35 F.4th 1064, 1066 (7th Cir. 2022) (listing cases); *see also Linear v. Vill. of Univ. Park, Ill.*, 887 F.3d 842, 844 (7th Cir. 2018) ("for someone who relies on a property interest created by a contract with a public body, the process due when the government arguably has broken its promise is the opportunity to seek damages from a state court"); *Taake v. Cty. of Monroe*, 530 F.3d 538, 542-43 (7th Cir. 2008) ("When a state actor breaches a contract it has with a private citizen, and the subject matter of that contract does not implicate fundamental liberty or property interests, the state acts just like any other contracting private citizen, the proper tribunal to adjudicate issues arising from the contract (or alleged contract) is a state court, because contract law is a creature of state law.").

In its brief, Plaintiff repeatedly asserts that contracts *can* create property interest, but fails

4

to explain how *this* contract *does* create a property interest, and fails to distinguish its circumstances from those of the numerous cases in which the Seventh Circuit Court of Appeals has reiterated that breach of contract does not violate the Constitution. *Thiele*, 35 F.4th at 1067 ("This returns us to plaintiffs' assumption that breach of contract violates the Constitution. It does not, a point made repeatedly in this circuit."). Although Plaintiff claims that it was denied due process in the form of being permitted to submit a bid for the monitoring services that have now been provided by another company, it is seeking specific performance of the contract and compensatory damages, not the opportunity to re-enter a bidding competition for a portion of the monitoring services that are currently being provided by other companies. *See Taake*, 530 F.3d at 543 ("Taake used the words 'procedural due process' in his complaint, but the remedies he seeks belie any suggestion that Taake is interested in notice and a hearing on the County's decision not to sell him the land. The only remedies Taake desires are for the alleged breach of contract: damages, specific performance of the land sale, and an injunction prohibiting the County from transferring or disposing of the land in a manner that violates the purported contract. Taake wanted the land—not a hearing at which the County would give Taake an opportunity to contest the County's decision not to sell him the land."); *Goros v. Cty. of Cook*, 489 F.3d 857, 860 (7th Cir. 2007) ("§ 1983 may not be used to determine whether some statute or contract creates a property interest in the abstract; unless the plaintiff maintains that the state actor had to offer a hearing to resolve some contested issue of fact, the dispute belongs in state court under state law.").

Defendants are entitled to judgement on the pleadings on Plaintiff's Section 1983 claims. They argue that the Court should leave the remaining state court claims to the state court to decide, and the Court agrees. "As a general matter, when all federal claims have been dismissed prior to

trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (internal citations omitted). This is not a case where any of the three exceptions to the presumption apply. *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008) (citing *Williams*, 509 F.3d at 404). Indeed, as described above, the remedy for violation of a contract lies under state law, and Indiana state court is the appropriate place to try these claims that an Indiana governmental entity breached a contract subject to Indiana law. Thus, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands this matter to state court.

### IV.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion for Judgment on the Pleadings [DE 19] and **DISMISSES with prejudice** Plaintiff's Section 1983 claim. The Court **RELINQUISHES** jurisdiction over the remaining state law claims and **REMANDS** this matter to Lake County Superior Court.

SO ORDERED this 18th day of November, 2025.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc:   All counsel of record